NOT DESIGNATED FOR PUBLICATION

No. 112,157

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANNON DWIGANS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed November 6, 2015. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

No appearance by appellee.

Before LEBEN, P.J., MCANANY and BUSER, JJ.

*Per Curiam*: Shannon Dwigans had been convicted of felony nonsupport of her children. She had an extensive criminal history of convictions for thefts, disorderly conduct, worthless checks, batteries, attempted forgery, possession of various drugs, as well as other crimes. The court imposed the aggravated grid box sentence of 9 months in prison. The court twice revoked Dwigans' probation and reinstated it. Following the third revocation, and before the court held a hearing on whether to again reinstate her probation, Dwigans absconded and moved to the state of Washington. She remained there for over 8 years until she was extradited back to Kansas to face the court on the matter of whether her probation should be reinstated. The district court did not renew her probation but sent her to prison to serve her underlying 9-month sentence. Dwigans contends the

1

district court abused its discretion in not renewing her probation because she claimed she was a changed woman who loved her now-grown children and she desired to be in their lives and in the lives of her grandchildren. We are not persuaded by Dwigans' argument and affirm.

The State originally charged Dwigans with three counts of felony nonsupport of a child. But pursuant to a December 2001 plea agreement the charges were reduced to one count to which Dwigans agreed to plead no contest. According to the district court trustee, as of November 2001 Dwigans owed child support of $11,253.26 plus interest. Dwigans had paid only $24 in child support under the court's order. Pursuant to the plea agreement she agreed to pay restitution in the amount of $11,229.26. The State agreed to recommend probation. The court went along with the plea deal and imposed a 9-month prison sentence, granted 18 months' probation, and ordered restitution.

One year later, Dwigans was unsuccessfully discharged from her required community corrections program. The district court revoked Dwigans' probation but reinstated it on the condition she be supervised by court services.

The following year Dwigans' probation was revoked a second time, but the court again reinstated probation, this time conditioned on her successfully completing a community corrections program.

A few weeks later, in November 2004, Dwigans was once again discharged from the community corrections program. At a hearing in June 2005, the court held a third revocation hearing, along with a preliminary hearing on new charges against Dwigans. Dwigans did not contest that she had violated the terms of her probation. The court revoked her probation but continued the decision on an appropriate disposition pending resolution of the new charges against Dwigans in her later case.

Dwigans was convicted of one of the charges in the later case, and her sentencing in that case was scheduled for January 2006. At that time the court also intended to determine the disposition of Dwigans' probation revocation, but Dwigans failed to appear for the hearing and a bench warrant was issued for her arrest.

Dwigans absconded and moved to the state of Washington, where she remained over 8 years. Dwigans does not contend that she made any efforts whatsoever to provide restitution while she was away in Washington. While in Washington she was convicted of numerous additional misdemeanor criminal offenses.

Finally, in 2014, Dwigans was arrested and extradited back to Kansas. At the hearing on her probation revocation the district court ordered Dwigans to serve her underlying prison sentence of 9 months consecutive to the 18-month sentence imposed as a result of her conviction in her later case.

Dwigans appeals, contending the district court abused its discretion in revoking her probation and ordering her to serve her original 9-month sentence. She argues on appeal that if she had been placed back on probation, "she would have the opportunity to live with, and provide for, her family." We find this to be a rather disingenuous argument given the nature of her crime and her voluntary absence from her family all the years her children were growing up. (Her children are now all adults.)

Unless required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court

3

abused its discretion. [Citation omitted.]" *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009).

We find no abuse in the district court's action. The mere recital of the history of this case and Dwigans' reason for asking that probation be reinstated were compelling reasons for the district court to deny reinstatement of probation. We find no error in the district court's ruling.

Affirmed.